■　CLIFFORD DECKER, Individually and as Guardian ad Litem of LORRAINE DECKER, an Infant, Appellant, v. DUNDEE CENTRAL SCHOOL DISTRICT, Respondent.— Judgment and order reversed on the law and facts, and verdict of the jury reinstated, with costs. Memorandum: The issues in this action presented factual questions as to the negligence of the defendant and the contributory negligence of the 10-year-old infant. They were submitted to a jury by a clear and concise charge of the trial court. We are of the opinion that the infant was not guilty of contributory negligence as a matter of law. Upon the question of negligence, the jury had the right to pass upon the suitability and adequacy of the supervision furnished to the infant in the light of the fact that the teacher charged with the responsibility during the lunch recess knew that these children of tender years were playing on potentially dangerous bleacher seats six tiers in height. The triers of the fact could further have found that this infant plaintiff received no supervision while on the bleachers except the casual observation of a teacher so far away that he could not distinguish one child from another. At the time of the accident he was not supervising children in the playing area but — in his own words — "was on the driveway because there is a hazard there of parents driving in to bring children back at noon and there were plenty of children on the upper level with the cars that you have to calm them down." All of this posed a factual issue that the jury resolved in favor of the plaintiff. The verdict should not have been set aside and the complaint dismissed. All concur, except Vaughan and Williams, JJ., who dissent and vote for affirmance, in the following memorandum: The plaintiff a 10-year-old girl and a pupil at the defendant's school was injured during her lunch hour, when she either

tripped and fell or jumped from the top of baseball bleachers which were six tiers high. The testimony as to just what occurred is vague and confused. There is no claim that the bleachers were defective in construction or maintenance. The only claim of negligence is that defendant failed to adequately supervise the plaintiff and other young children. A teacher was stationed in front of the school and was supposed to cover the front area which includes the bleachers. He was some distance away when the incident occurred. Practically, the prevention of an incident such as this would have required a supervisor in the immediate vicinity at the precise time of occurrence and even then it is extremely questionable if it could have been avoided. Even if this plaintiff had been forbidden to occupy the stands, it is very doubtful whether such an order could have been enforced in the exercise of the reasonable and ordinary care which defendant owed plaintiff. The decision of the majority places an onerous and unreasonable duty upon the defendant far in excess of that which is reasonable under the circumstances. Supervision to the extent required by this decision would be prohibitive financially. Ordinarily we think of supervision as relating to playgrounds, athletic games, physical exercises and the uses of facilities or locations inherently or potentially dangerous, where one might reasonably anticipate foresee or guard against incidents growing out of negligence. This case does not present such a situation. If the plaintiff tripped and fell off these well constructed and normally safe bleachers there was no negligence on defendant. If she jumped it was her own free and voluntary act. There is no direct evidence that any supervisor had seen plaintiff or anyone else jump before this or that such an occurrence had ever been called to defendant's attention and, as we have said, such an occurrence could not have been reasonably anticipated or guarded against. (Appeal from a judgment and order of Yates Trial Term dismissing the complaint after setting aside the verdict by the jury in favor of plaintiffs, in a negligence action.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.